UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DESROY CLARKE,

                              Petitioner,

            -against-

T. GRIFFIN, Superintendent,
Eastern Correctional Facility,

                              Respondent.
------------------------------------------------------------X

**OPINION AND ORDER**

13 Civ. 4812 (NSR)(JCM)

Petitioner Desroy Clarke ("Petitioner") brings this *pro se* habeas corpus petition ("Petition") pursuant to 28 U.S.C. § 2254, challenging his state court convictions following two jury trials in the Supreme Court of the State of New York, Westchester County. (Docket No. 1). His original filing is dated June 10, 2013.[1] On September 18, 2015, Petitioner submitted a motion to voluntarily dismiss his Petition without prejudice under Federal Rule of Civil Procedure 41(a)(1)(a). (Docket No. 13). Respondent T. Griffin ("Respondent") opposes the motion. (Docket No. 14). For the reasons set forth below, Petitioner's application is denied.

## I. BACKGROUND

The Court limits the background facts to those necessary for the present application.

---

[1] A *pro se* prisoner's papers are deemed filed at the time he or she delivers them to prison authorities for forwarding to the court clerk. *Houston v. Lack*, 487 U.S. 266, 276 (1988); *see also Walker v. Jastremski*, 430 F.3d 560 (2d Cir. 2005) (analyzing the "*Houston* prison mailbox rule"). Although Petitioner does not certify that he delivered his Petition to prison authorities for mailing on a certain date, his Petition was executed on June 10, 2013. Respondent does not challenge that date. Therefore, unless otherwise noted, the Court adopts Petitioner's dates for the Petition and for all other filings discussed herein.

## A. The Crime, Conviction and Post-Conviction State Court Proceedings

On April 20, 2005, Petitioner was convicted of one count of unlawful imprisonment in the second degree. (First Trial Tr.[2] at 841-842). On June 28, 2005, after a retrial, Petitioner was also convicted of one count of rape in the first degree and one count of criminal sexual act in the first degree. (Second Trial Tr.[3] at 1141-1144). On August 18, 2005, Petitioner was sentenced to: (i) two determinate prison terms of fifteen years plus five years of post-release supervision for the rape and sexual act convictions; and (ii) a one-year term of imprisonment for the unlawful imprisonment conviction. (Sentencing Tr.[4] at 23-24). The sentences were to run concurrently. (*Id.* at 24). The court also imposed a surcharge of two hundred and seventy dollars, a sex offender registration fee of fifty dollars, a DNA fee of fifty dollars, and an order of protection prohibiting Petitioner from having any direct or indirect contact with the victim. (*Id.* at 24).

On or about October 4, 2011,[5] Petitioner's appellate counsel submitted a brief to the Supreme Court of the State of New York, Appellate Division, Second Department ("Second Department"), raising the following five arguments to challenge Petitioner's conviction on direct appeal: (1) the trial court erred when it denied Petitioner's request for an *Allen* charge; (2) the verdict was not supported by legally sufficient evidence or the weight of the evidence; (3) the

---

[2] "First Trial Tr." refers to the transcript of Petitioner's first trial before the trial court, lasting from April 12, 2005 through April 20, 2005. The transcript lists the final date of trial as April 18, 2005 rather than April 20, 2005. (*See* First Trial Tr. at 817). However, this appears to be a typographical error because: (i) the transcript states that the trial continued through April 20, 2005, (*see id.* at 1); (ii) the portion of the transcript from the last day of trial immediately follows a portion of the transcript dated April 19, 2005, (*see id.* at 758); (iii) counsel noted on the record on the last day of trial that the date was "April 20th," (*see id.* at 847); and (iv) a previous portion of the transcript is also dated April 18, 2005, (*see id.* at 586). Therefore, the Court treats April 20, 2005 as the final date of the first trial.

[3] "Second Trial Tr." refers to the transcript of Petitioner's second trial before the trial court, lasting from June 16, 2005 through June 28, 2005.

[4] "Sentencing Tr." refers to the transcript of Petitioner's sentencing hearing on August 18, 2005.

[5] Petitioner's brief to the Second Department is undated. Respondent asserts that it received the brief on October 4, 2011. (*See* Docket No. 6 at 16).

2

trial court erred when it denied Petitioner's request for a missing witness charge; (4) the trial court erred when it permitted the recording of the victim's call to 911 to be introduced into evidence; and (5) Petitioner's sentence was excessive. (Ex.[6] 2).

On or about March 6, 2012,[7] Petitioner filed a *pro se* supplemental brief, alleging that he was denied effective assistance of counsel when trial counsel: (1) failed to request an appropriate sanction for the prosecution's discovery violation; (2) failed to impeach the victim with her prior testimony at the first trial and the grand jury; (3) failed to submit a motion for a *Wade* hearing; (4) elicited evidence of a pretrial photographic identification from the victim; (5) failed to make a motion to dismiss the unlawful imprisonment conviction for legal insufficiency; (6) failed to have the unlawful imprisonment conviction dismissed under the merger doctrine; (7) failed to object to the introduction of collateral evidence by the prosecution that showed either prior bad acts or consciousness of guilt without a ruling or instruction by the court; and (8) failed to properly seek a missing witness instruction. (Ex. 4).

On December 12, 2012, the Second Department affirmed Petitioner's judgment of conviction and sentence, stating in relevant part that "[t]he record, viewed in totality, demonstrates that the defendant was afforded the effective assistance of counsel." *People v. Clarke*, 101 A.D.3d 897, 898 (2d Dep't 2008).

By letters dated January 14, 2013 and February 12, 2013, Petitioner, through his attorney, sought leave to appeal to the New York Court of Appeals ("Court of Appeals"). (Exs. 7, 8). The Court of Appeals denied Petitioner's application on March 15, 2013. *People v. Clarke*, 20 N.Y.3d 1097 (N.Y. 2013).

---

[6] Refers to exhibits attached to Respondent's Memorandum of Law. (Docket No. 7).

[7] Petitioner's *pro se* supplemental brief to the Second Department is undated. Respondent states that it received the brief on March 6, 2012. (*See* Docket No. 6 at 16).

## B. The Habeas Corpus Petition

Petitioner timely filed the instant Petition on June 10, 2013. (Docket No. 1). In it, Petitioner organized his grounds for relief into three categories. The first ground for relief is that Petitioner received ineffective assistance of trial counsel. The second ground for relief is that the trial court's modified *Allen* charge was coercive and denied Petitioner his right to a fair trial. The third ground for relief is that the trial court denied Petitioner a fair trial by failing to give a missing witness charge and by admitting the victim's 911 call.

On September 18, 2015, Petitioner submitted the instant motion to voluntarily dismiss his Petition without prejudice under Federal Rule of Civil Procedure 41(a)(1)(a).[8] (Docket No. 13). Construing this filing liberally,[9] the Court interprets Petitioner's application as a request to: (i) stay his Petition so that he can (a) exhaust his ineffective assistance of trial counsel claims and (b) exhaust a new claim for ineffective assistance of appellate counsel; and (ii) amend his Petition to add the new claim for ineffective assistance of appellate counsel.

Respondent urges this Court to deny Petitioner's application. (Docket No. 14).

## II. STANDARD FOR STAY

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court clarified the district courts' ability to issue a stay and abeyance of habeas corpus petitions in limited circumstances. The purpose of the stay and abeyance is "to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to the federal court for review of his perfected petition." *Rhines*, 544 U.S. at 271-72. Thus, as an initial matter, a petitioner must have

---

[8] The Court notes that such a motion would not be proper in this case given that Respondent has already filed an opposition to the Petition. *See* Federal Rule of Civil Procedure 41(a)(1)(a)(i). However, this issue is moot because the Court will construe Petitioner's *pro se* application as a request for a stay and to amend.

[9] *See Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983).

a mixed petition—one that contains both exhausted and unexhausted claims. *See Rhines*, 544 U.S. at 277-78 (discussing staying of a mixed petition to permit litigation of unexhausted state claims); *Ortiz v. Heath*, No. 10 Civ. 1492, 2011 WL 1331509, at *14 (E.D.N.Y. Apr. 6, 2011) ("stay and abeyance procedure applies only to petitions which contain unexhausted claims").[10] However, courts will also consider stay and abeyance applications with a simultaneous motion to amend. *See, e.g.*, *Ortiz*, 2011 WL 1331509, at *1 ("court construes petitioner's 'stay petition' . . . as a motion to amend the petition as well as an application to invoke the stay-and-abeyance procedure"); *Cordova-Diaz v. Brown*, No. 10 Civ. 5133, 2011 WL 723575, at *5-6 (S.D.N.Y. Feb. 8, 2011) (construing *pro se* application as seeking to amend petition and requesting a stay). Thus, if a petitioner meets this threshold inquiry, a stay and abeyance may only be granted if: "(1) good cause exists for the petitioner's failure to exhaust his claims in state court; (2) the unexhausted claims are not 'plainly meritless'[;] and (3) the petitioner has not engaged in intentionally dilatory tactics." *Ortiz*, 2011 WL 1331509, at *14 (citing *Rhines*, 544 U.S. at 277-78); *see also Cordova-Diaz*, 2011 WL 723575, at *5 (quoting *Rhines*, 544 U.S. at 271-72, 277).

## III. STANDARD TO AMEND

Rule 15 of the Federal Rules of Civil Procedure, made applicable to habeas proceedings by 28 U.S.C. § 2242, Rule 81(a)(2) of the Federal Rules of Civil Procedure, and Habeas Corpus Rule 11, "allows pleading amendments with 'leave of the court' any time during a proceeding." *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (quoting Fed. R. Civ. P. 15(a)). However, this rule is limited by the statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996

---

[10] In accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009), and Local Rule 7.2 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, a copy of this case and other cases, *infra*, only available by electronic database, accompany this Opinion and Order and shall be simultaneously delivered to *pro se* Petitioner.

("AEDPA"), which requires habeas petitions to be filed within one year of a petitioner's conviction becoming final. 28 U.S.C. § 2244(d); *Mayle*, 545 U.S. at 654 (citation omitted). Thus, if an amendment is made after the statute of limitations expired, any new claim is untimely unless it relates back to the claims of the original, timely petition, *i.e.*, the claims arise out of the same conduct, transaction or occurrence. *Mayle*, 545 U.S. at 655 (quoting Fed. R. Civ. P. 15(c)(2)). "[A]n amendment does not relate back if it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Pierre v. Ercole*, 607 F. Supp. 2d 605, 608 (S.D.N.Y. 2009) (quotation marks and citation omitted).

The Court properly denies leave to amend when the proposed new claims would be futile, either because they fail to comply with the aforementioned procedural requirements or they lack merit. *See Pierre*, 607 F. Supp. 2d at 607 (denying leave to amend where ineffective assistance of counsel claims lacked merit and noting the timeliness requirement). In fact, Habeas Corpus Rule 4 requires the Court to "summarily dismiss the petition" if "'it plainly appears . . . that the petitioner is not entitled to relief in the district court.'" *Mayle*, 545 U.S. at 656 (quoting Habeas Corpus Rule 4).

## IV. DISCUSSION

Petitioner essentially brings two requests before the Court. His first request is that the Court stay his Petition so that he can: (i) exhaust three ineffective assistance of trial counsel claims; and (ii) exhaust a new claim for ineffective assistance of appellate counsel. His second request is that the Court allow him to amend his Petition to add the new claim for ineffective assistance of appellate counsel. The Court will address each request in turn.

6

**A. Request to Stay**

In Petitioner's September 18, 2015 application to the Court, Petitioner requested a stay so that he could "return to state court to pursue claims of ineffective assistance of trial and appellate counsel." (Docket No. 13 ¶ 8). In particular, Petitioner seeks to exhaust the following three claims in his Petition: (1) ineffective assistance of trial counsel for "failure to submit a motion to challenge the suggestive identification procedures," (*see* Petition at 28-29); (2) ineffective assistance of trial counsel for "failure to impeach the witness with her prior testimony to the first trial and the grand jury," (*see* Petition at 31-32); and (3) ineffective assistance of trial counsel for "failure to have the unlawful imprisonment count dismissed under the merger doctrine," (*see* Petition at 32)[11] (Docket No. 13 ¶ 7). Petitioner also seeks to exhaust a new claim that he received ineffective assistance of appellate counsel when counsel "erroneously informed him" that some of his claims, including the three claims cited above, "were preserved in the record and, thus [were] not the proper subject of a 440 motion." (*Id.* ¶ 6) (citing letter from appellate counsel dated April 21, 2009).

As to the first three claims, the Court finds that Petitioner's request is moot because Petitioner has already exhausted all three grounds in state court. Petitioner even notes in his Petition that he "set these claims out fully in his state court *pro se* brief." (Petition at 30). Exhaustion requires a prisoner to have "fairly presented to an appropriate state court the same

---

[11] Petitioner's application states that the third unexhausted claim in his Petition is for ineffective assistance of counsel for "counsel Carl Lodes' failure to have the unlawful imprisonment count dismissed under the merger doctrine." (Docket No. 13 ¶ 7). The Court believes that this is a typographical error. Carl Lodes was Petitioner's appellate counsel. In his Petition and his *pro se* brief on direct appeal, Petitioner raises this claim as to his trial counsel. (*See id.* ¶ 4; Petition at 32; Ex. 4 at 32). Petitioner does not make a claim for ineffective assistance of appellate counsel anywhere in his Petition or in his *pro se* brief. To the extent Petitioner is requesting to amend his Petition to add an ineffective assistance of appellate counsel claim relating to the merger doctrine, this claim is futile because Petitioner's appellate counsel did, in fact, raise this claim in his application for leave to appeal to the Court of Appeals. *See* Ex. 8 ("In addition, defense counsel failed to move for dismissal of the unlawful imprisonment in the second degree charge for legal insufficiency and under the merger doctrine . . . . With all of these omissions in mind, Defendant asserts that he was denied his Sixth Amendment right to the effective assistance of counsel.").

federal constitutional claim that he now urges upon the federal courts." *Turner v. Artuz*, 262 F.3d 118, 123 (2d Cir. 2001) (quotation marks and citation omitted). Petitioner raised the first claim in his *pro se* brief by stating that "his counsel was ineffective for failing to submit a motion to suppress the identification under United States v. Wade, 388 U.S. 218." (Ex. 4 at 28-29). Petitioner raised the second claim in his *pro se* brief by stating that "[a]t the second trial, counsel failed to impeach [the victim] about several matters." (*Id.* at 25-28). Petitioner raised the third claim in his *pro se* brief by stating that "Counsel was Ineffective for Failing to Motion the Court to Dismiss the Unlawful Imprisonment Conviction under the Merger Doctrine." (*Id.* at 32). Petitioner fairly presented all three grounds to the Second Department as federal constitutional claims. *See id.* at i ("Appellant was denied the effective assistance of counsel in this action . . . [under] United States Constitutional Amendments VI and XIV"). Petitioner, through appellate counsel, also fairly presented these claims in his application for leave to appeal to the Court of Appeals. *See* Ex. 7 at 2 ("Finally, Defendant-Appellant contends that he was denied his State and Federal Constitutional right to the effected (sic) assistance of counsel."). Therefore, Petitioner's three claims for ineffective assistance of trial counsel are exhausted. *See Cowell v. Artuz*, No. 97 CIV. 2986 DLC, 1999 WL 605448, at *2 (S.D.N.Y. Aug. 11, 1999) ("The petitioner will have exhausted his claims after providing the state with 'one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.'") (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

Petitioner's proposed new claim for ineffective assistance of appellate counsel is unexhausted because Petitioner has not asserted it in state court. However, this claim fails under the *Rhines* analysis. First, Petitioner has failed to demonstrate—or even assert—good cause for his failure to exhaust the claim. *Rhines*, 544 U.S. at 277. Second, as discussed in Section IV(B),

8

*infra*, Petitioner's claim is "plainly meritless." *Id.* Third, while "there is no indication that the petitioner engaged in intentionally dilatory tactics," *id.* at 278, the absence of this factor does not preclude the denial of a motion to stay, *see Ortiz*, 2011 WL 1331509, at *5.

Accordingly, the Court denies Petitioner's request for a stay.

## B. Request to Amend

In his September 18, 2015 application to the Court, Petitioner also requested that the Court allow him to amend his Petition to add the above-mentioned new claim for ineffective assistance of appellate counsel. Petitioner's proposed new claim is that he received ineffective assistance of appellate counsel when counsel "erroneously informed him" that some of his purported grounds for appeal, including the three claims for ineffective assistance of trial counsel cited above, "were preserved in the record and, thus [were] not the proper subject of a 440 motion." (Docket No. 13 ¶ 6) (quoting letter from appellate counsel dated April 21, 2009). In other words, appellate counsel stated that Petitioner could not raise his claims in a N.Y. Criminal Procedure Law ("N.Y. C.P.L.") § 440.10 motion and implied that he might properly raise the grounds on direct appeal instead.

The Court finds that Petitioner's request to amend is futile. To establish an ineffective assistance of counsel claim, Petitioner would have to satisfy the two-prong test articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). In particular, Petitioner would have to prove that (i) "counsel's representation fell below an objective standard of reasonableness," *Strickland*, 466 U.S. at 687-688; and (ii) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. Here, Petitioner cannot establish either prong. As to the first *Strickland* prong, the Court finds that counsel's advice was not objectively unreasonable because the three claims were

in fact record-based. As noted in Section IV(A), *supra*, Petitioner properly raised the three claims on direct appeal and the Second Department considered and denied them on the merits. *See* Ex. 4; *People v. Clarke*, 101 A.D.3d 897 (2d Dep't 2008). Thus, counsel's statements were accurate. As to the second *Strickland* prong, the Court finds that there is no reasonable probability that, but for counsel's alleged errors, Petitioner would have found relief through any state post-conviction proceedings. The Second Department did not deny Petitioner's claims on the grounds that they should have been raised in a N.Y. C.P.L. § 440.10 motion—instead, they denied Petitioner's claims on the merits. As a consequence, Petitioner would be unable to establish a claim for ineffective assistance of appellate counsel under the *Strickland* standard.

Accordingly, the Court denies Petitioner's request to amend as futile.[12]

## V. CONCLUSION

For the foregoing reasons, the Court denies Petitioner's application for a stay and request to amend. The Clerk is respectfully requested to terminate the pending motion (Docket No. 13).

Dated: January 14, 2016
       White Plains, New York

SO ORDERED:

_____
JUDITH C. McCARTHY
United States Magistrate Judge

---

[12] Because the Court denies Petitioner's request to amend as futile, it need not reach Respondent's argument that Petitioner's application is untimely.