UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/28/2020

------------------------------------------------------------X

DESROY CLARKE,

                Petitioner,

      -against-

T. GRIFFIN, Superintendent of
Eastern Corrections Facility,

                Respondent.

------------------------------------------------------------X

13-cv-4812 (NSR) (JCM)

ORDER ADOPTING REPORT
AND RECOMMENDATION

NELSON S. ROMÁN, United States District Judge:

Desroy Clarke ("Petitioner"), proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Following a jury trial and subsequent retrial, petitioner was found guilty of multiple counts including rape and unlawful imprisonment. Now pending before the Court is a Report and Recommendation ("R & R") issued by Magistrate Judge Judith C. McCarthy, pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), recommending that the petition be denied. Despite being given several extensions, Petitioner has filed no objections to the R & R. For the following reasons, the Court adopts the R & R, and the petition is DENIED.

## BACKGROUND

The Court presumes familiarity with the factual and procedural background of this case, including the underlying criminal proceedings and Petitioner's appellate challenges to his conviction. Further details can be found in the R & R, which this Court adopts.

Petitioner was charged in New York State Supreme Court, Westchester County, in a four count indictment, with rape in the first degree, criminal sexual act in the first degree, and two counts of unlawful imprisonment. Petitioner was first tried in April 2005 and found guilty of one count of unlawful imprisonment and the jury was unable to reach a verdict on the remaining counts. Petitioner was re-tried in June 2005 and convicted of rape in the first degree and criminal sexual act in the first degree. In August 2005, Petitioner was sentenced to two determinate prison sentences of

fifteen years plus five years of supervised release for the rape and sexual act convictions, and a one year term of incarceration for the unlawful imprisonment conviction.

Petitioner appealed his conviction raising multiple issues including ineffective assistance of counsel. In December 2012, the state appellate court affirmed the Petitioner's conviction and sentence opining, that when viewing the record in totality, the Petitioner was afforded effective assistance of counsel.   *People v. Clarke*, 101 A.D.3d 897 (A.D. 2d Dept. 2008).   Petitioner sought leave to appeal to the state's highest court, however, the application was denied.   *People v. Clarke*, 20 N.Y.3d 1097 (2013). Petitioner, thereafter, timely filed the instant petition.


### STANDARDS OF REVIEW

## I.  Habeas Petition Reviewing a State Court Decision

"Habeas review is an extraordinary remedy." *Bousley v. United States*, 523 U.S. 614, 621 (1998). When a claim has been adjudicated on the merits in a state court proceeding, a prisoner seeking habeas relief must establish that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   28 U.S.C. § 2254(d)(1), (d)(2); *Cousin v. Bennett*, 511 F.3d 334, 337 (2d Cir. 2008). A state court's findings of fact are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Nelson v. Walker*, 121 F.3d 828, 833 (2d Cir. 1997).

## II.  Magistrate Judge's Report and Recommendation

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such

a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings or recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "'[t]o accept the report and recommendation of a magistrate, to which *no timely objection* has been made, a district court need only satisfy itself that there is *no clear error* on the face of the record.'" *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (emphasis added) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); *accord Feehan v. Feehan*, No. 09 Civ. 7016 (DAB), 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## DISCUSSION

Here, the R & R was issued on May 11, 2017, and despite the granting of multiple extensions, no objection has been filed. Since Petitioner failed to file any objections, the Court has reviewed Magistrate Judge Judith C. McCarthy's R & R for clear error and found none. It is clear from the record that Petitioner's assertion that he was denied effective counsel lacks merit. New York's appellate court determined Petitioner was afforded effective assistance of counsel, and a

review of it's determination is not contrary nor an unreasonable application of the *Strickland*[1]

standard.   Similarly, Petitioner's other basis for relief, *inter alia*, including the trial court's alleged

failure to give a proper *Allen*[2] charge, is baseless.

## CONCLUSION

For the reasons given, the Court adopts Magistrate Judge Judith C. McCarthy's R & R in its

entirety. The petition for a writ of habeas corpus is therefore denied. The Clerk of Court is directed

to enter judgment accordingly, close the case., and send a copy of this Order to Petitioner at his last

known address.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a

certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2); *Love v. McCray*, 413 F.3d

192, 195 (2d Cir. 2005); *Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997), *abrogated on

other grounds by United States v. Perez*, 129 F.3d 225, 259–60 (2d Cir. 1997). The Court certifies

pursuant to 18 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith,

and therefore *in forma pauperis* status is denied for the purposes of an appeal. *See Coppedge v.

United States*, 369 U.S. 438, 444–45 (1962).


Dated: October 28, 2020                                    SO ORDERED:
      White Plains, New York

_____
          NELSON S. ROMÁN
        United States District Judge

---

[1] *Strickland v Washington*, 466 U.S. 668 (1984).

[2] *Allen v. United States*, 164 U.S. 492 (1896).